UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRACY WORKMAN,<br><br>                  Plaintiff,<br><br>    v.<br><br>RONA SIEGERT; CORIZON, INC.; MICHAEL BLURTON; DR. AGLER; PROVIDER BROWN; N.P. POLSON; N.P. GELOK; MEGAN AUSTIN; MS. LEMMONS; DR. DAWSON; GRANT ROBERTS; IDAHO DEPARTMENT OF CORRECTION; SHELLI MALLET; and P.A. MITCHELL,<br><br>                  Defendants. | Case No. 1:15-cv-00571-BLW<br><br>**ORDER** |

      Plaintiff Tracy Workman, a prisoner in the custody of the Idaho Department of Correction (IDOC), is proceeding pro se in this civil rights action. Defendant Siegert has filed a motion for partial dismissal, which is not yet ripe for adjudication. (Dkt. 23.)

      Currently pending before the Court are Plaintiff's request for preliminary injunctive relief and Plaintiff's request for appointment of counsel. (*See* "Motion for Emergency Medical Care, Left Kidney," Dkt. 12; "Motion for Asst w Atty 3 Counts of Retaliation," Dkt. 18.) Plaintiff has also filed an amended complaint. (Dkt. 17.) Having fully reviewed the record, the Court enters the following Order.

**ORDER - 1**

## REVIEW OF AMENDED COMPLAINT

On March 15, 2016, United States Magistrate Judge Candy W. Dale reviewed Plaintiff's initial Complaint, pursuant to 28 U.S.C. § 1915A, and determined that the Complaint stated plausible Eighth Amendment medical treatment claims against Defendants Brown, Dawson, Polson, Gelok, Agler, Siegert, and Young. (*See* Initial Review Order, Dkt. 9.) The Complaint failed to state a claim upon which relief could be granted against any other Defendant.

Plaintiff has now filed an Amended Complaint. (Dkt. 17.) The Amended Complaint remains subject to review by the Court under § 1915A. In the Amended Complaint, Plaintiff asserts claims only against defendants Mitchell and Roberts—two defendants against whom Plaintiff previously was not allowed to proceed. (*Id*. at 1.)

An amended complaint must contain all of a plaintiff's allegations in a single pleading, and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint). Because the Amended Complaint contains no allegations against any Defendants other than Mitchell and

**ORDER - 2**

Roberts, it appears as though Plaintiff either (1) intended to withdraw his claims against the Defendants against whom Plaintiff was earlier allowed to proceed, or (2) mistakenly believed that an amended complaint need not reassert claims against those Defendants.

In any event, Plaintiff may not proceed on the Amended Complaint because it fails to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). With respect to Defendant Mitchell, Plaintiff alleges only that Mitchell ordered a blood test and, therefore, "knew or should have known something was life threatening." (Dkt. 17 at 2.) And the only allegations against Defendant Roberts are that "Roberts was a Level 2 Responder [to Plaintiff's administrative grievance] [and] is also a monitor for Corizon & has the power to stop 8th amendment violation & yet he didn't." (*Id*. at 3.) These generalized allegations are insufficient to state a plausible claim for relief.

Therefore, Plaintiff may not proceed on the Amended Complaint, and the initial Complaint remains the operative pleading in this action.

## REQUEST FOR INJUNCTIVE RELIEF

Under Rule 65 of the Federal Rules of Civil Procedure, a preliminary injunction may be granted if the moving party demonstrates the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance of potential harm favors the moving party; and (4) that the public interest favors granting relief. *Winter v. Natural Res. Defense Council, Inc*., 555 U.S. 7, 20 (2008); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). "Because a preliminary injunction is an extraordinary remedy, the

**ORDER - 3**

movant's right to relief must be clear and unequivocal." *Dominion Video Satellite v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions of the parties until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The court must deny a motion for preliminary injunctive relief "unless the facts and law clearly favor the moving party." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal quotation marks omitted).

Plaintiff has filed a "Motion for Emergency Medical Care, Left Kidney"—his second motion for preliminary injunctive relief in this case. The Court previously denied Plaintiff's request for such relief because, "[a]lthough Plaintiff has alleged sufficient facts to proceed on some of his claims, at this early stage of the proceedings the Court cannot conclude that he is likely to succeed on the merits." (Dkt. 9 at 18.) That has not changed. Considering the high burden of establishing an Eighth Amendment violation, *see generally Toguchi v. Chung*, 391 F.3d 1051 (9th Cir. 2004), the Court concludes that Plaintiff's likelihood of success on the merits is low. Therefore, Plaintiff's second request for preliminary injunctive relief will be denied.

## REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff also renews his request for appointment of counsel. In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood

**ORDER - 4**

of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff alleges that he "can't do anything" with his case because he has been placed in administrative segregation several times. Plaintiff contends that he has been issued Disciplinary Offense Reports (DORs) in retaliation for filing the instant lawsuit. (Dkt. 18 at 2.)

The Court previously denied Plaintiff's first request for counsel on the following grounds:

> Plaintiff's Complaint, liberally construed, appears to state a claim upon which relief could be granted if the allegations are proven at trial. However, without more than the bare allegations of the Complaint, the court does not have a sufficient basis upon which to assess the merits, if any, at this point in the proceeding. The Court also finds that Plaintiff has articulated the claims sufficiently, and that the legal issues in this matter are not complex. Based on the foregoing, the Court will deny Plaintiff's request for appointment of counsel. If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

(Dkt. 9 at 19.)

Again, the Court's analysis has not changed. Defendants have not yet answered the Complaint. It is impossible to conclude from the Complaint alone that Plaintiff is likely to succeed on the merits, and it is clear from Plaintiff's filings that he has been able to articulate his claims and protect his interests adequately. Plaintiff's belief that the DORs he received were issued in retaliation for his actions in filing this case does not

**ORDER - 5**

justify the appointment of counsel. Therefore, Plaintiff's second request for appointment of counsel will be denied.

## ORDER

**IT IS ORDERED:**

1. Because Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, the initial Complaint (Dkt. 3) remains the operative complaint in this case.

2. Plaintiff's "Motion for Emergency Medical Care, Left Kidney" (Dkt. 12) is DENIED.

3. Plaintiff's "Motion for Asst w Atty 3 Counts of Retaliation" (Dkt. 18) is DENIED.

DATED: **May 3, 2016**

_____
B. Lynn Winmill
Chief Judge
United States District Court