IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| TRACY WORKMAN, | |
|---|---|
| Plaintiff, | Case No. 1:15-CV-571-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| RONA SIEGERT, et al., | |
| Defendants. | |

## INTRODUCTION

The Court has before it defendants' motion for summary judgment and plaintiff's motion to amend complaint. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny the motion to amend and grant the motion for summary judgment.

## LITIGATION BACKGROUND

Plaintiff Workman is a prisoner incarcerated at Idaho State Correctional Center ("ISCC"). He has sued several prison officials under 42 U.S.C. § 1983, alleging that they were deliberately indifferent to his medical needs as a diabetic.

Workman alleges that, when he arrived at ISCC in January of 2015, medical providers provided a different brand of insulin than the brand he had been successfully using (Navalog). He alleges that this new brand of insulin did not work as effectively as Navalog and, as a result, caused him to suffer from seizures. The medical staff,

**Memorandum Decision & Order – page 1**

Workman alleges, failed to treat those seizures and refused to refer him to an outside seizure specialist for treatment. Workman also alleges that he told prison officials when he entered the institution that he had a serious blood infection – Methicillin-resistant Staphylococcus aureus (MRSA) – but that it went untreated, and that he "almost died" from the lack of treatment. *See Complaint (Dkt. No. 3)* at pg. 17.

On March 15, 2016, the Court entered an Initial Review Order (IRO) dismissing some defendants and some claims, but allowing the lawsuit to proceed "against those defendants who allegedly (1) personally participated in [Workman's] medical treatment for his diabetes and who exhibited deliberate indifference to [Workman's] health, or (2) reviewed his complaints about the medical treatment for his diabetes and had the responsibility to remedy the allegedly inadequate care, yet failed to do so." *See IRO (Dkt. No. 9)* at pg. 17. The IRO gave Workman the opportunity to amend his complaint if he found facts sufficient to support a claim on which he was not allowed to proceed. *Id.* at pg. 20.

About a month after the IRO was filed, Workman filed an "Amended Complaint" that sought to add claims against two defendants who had been dismissed in the IRO. *See Amended Complaint (Dkt. No. 17)*. The Court issued a second IRO, finding the claims in the Amended Complaint to be too vague under the standard set by *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The Court stated that it was dismissing the Amended Complaint "because it fails to state a plausible claim for relief," and that the initial Complaint "remains the operative complaint in this case." *See Order (Dkt. No. 25)* at pp. 3, 6.

**Memorandum Decision & Order – page 2**

On March 8, 2017, the Court entered a Scheduling Order that directed the parties to disclose all relevant information and documents by April 8, 2017, to file any motions to amend by June 8, 2017, to complete all discovery by September 8, 2017, and to file dispositive motions by October 8, 2017. *See Scheduling Order (Dkt. Ord. 40)*.

The deadlines for motions to amend and discovery passed, and Workman never filed a motion to amend. On October 4, 2017, the defendants filed a motion for summary judgment. Workman sought, and obtained, a two-month continuance to file a response brief to the motion for summary judgment. He filed that response on January 24, 2018, and also filed on the same day a motion for leave to amend his complaint.

After reviewing the applicable legal standards, the Court will evaluate first the motion to amend and will then turn to the motion for summary judgment.

## LEGAL STANDARDS

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In the Ninth Circuit, the test for deliberate indifference consists of two parts. *Jett v. Penner,* 439 F.3d 1091 (9th Cir. 2006). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* at 1096. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. *Id.* at 1060.

The deliberate indifference requirement is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm

**Memorandum Decision & Order – page 3**

caused by the indifference. *Id.* Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* Yet, an "inadvertent [or negligent] failure to provide adequate medical care" alone does not state a claim under § 1983. *Id.* (citing Estelle, 429 U.S. at 105).

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id*. at 255, and the Court must not make credibility findings. *Id.* The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000).

**Memorandum Decision & Order – page 4**

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 324.

The Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir.2001). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

## ANALYSIS

### Motion to Amend

Workman's motion to amend seeks to add four additional defendants: (1) PA Janet Mitchell; (2) Health Services Administrator Grant Roberts; (3) Corizon, Inc.; and (4) the Idaho Department of Corrections ("IDOC"). He also seeks to add allegations regarding (1) his diabetes and seizures, (2) an alleged MRSA infection, (3) a claim relating to a bi-pap machine that he allegedly requires, and (4) claims for medical malpractice, negligence, and violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA").

Workman's motion was filed more than nine months after the deadline for the filing of such motions. Workman offers no excuse for the late filing, but merely explains that it was "due to the discovery of additional facts and information during the discovery

**Memorandum Decision & Order – page 5**

process." *See Motion (Dkt. No. 46)* at pg. 2. He provides no further details. The discovery process he refers to closed four months before he filed his motion, and he offers no reason for that delay.

Workman has the burden of showing good cause for failing to comply with the deadline for the filing of his motion to amend. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). The "focus of the inquiry" is upon the moving party's reasons for failing to comply with a scheduling deadline – "[i]f that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). Workman has made no showing of good cause or diligence, and hence the inquiry ends and the motion must be denied.

**Motion for Summary Judgment**

Workman' central claims in this case are that the defendants largely ignored his diabetes and seizures, and, when not ignoring those conditions, treated them improperly. But there is nothing in the record supporting these claims. Certainly, the defendants were not ignoring Workman's diabetes: The record shows that in 2015, Workman received at least 42 examinations by the defendants for conditions related to his diabetes. The medical defendants were constantly monitoring Workman, conducting diagnostic and laboratory testing, reviewing this blood glucose levels, and advising him on necessary lifestyle changes. Workman argues that he should have been put on a different treatment program, but "to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an

**Memorandum Decision & Order – page 6**

excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Workman has submitted nothing to make this showing. The record contains no evidence that defendants were deliberately indifferent to his diabetic condition.

Workman also claims that the defendants ignored his seizures because they suspected he was faking them. In fact, laboratory results – reviewed by defendant Dr. Agler in August of 2015 – showed that Workman's seizures were psychological in nature and not neurological. *See Records (Dkt. No. 41-14)* at p. 572; *see also Declaration of Dr. Young (Dkt. No. 41-3)* at ¶¶ 94-95. Dr. Cara Sullivan, a neurologist, evaluated Workman and determined no further work-up was necessary. *Id.* at ¶ 102. There is no evidence in the record that Workman had a neurological condition that required treatments different from those he received. And there is no evidence that the psychological-based treatments for his seizures that he did receive were improper in any manner.

Defendant Siegert is the one defendant who did not medically treat Workman. Instead, she reviewed his grievances. Her review of the medical records demonstrated that Workman was receiving appropriate care, and the Court's review of those same records confirms her conclusion. There is no evidence that Siegert was deliberately indifferent to Workman's diabetic condition or to his seizures.

For these reasons, the Court can find no genuine issue of material fact, and will therefore grant the motion for summary judgment. The Court will issue a separate judgment as required by Rule 58(a).

## ORDER

In accordance with the Memorandum Decision set forth above,

**Memorandum Decision & Order – page 7**

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to amend (docket no. 46) is DENIED.

IT IS FURTHER ORDERED, that the motion for summary judgment (docket no. 41) is GRANTED.

DATED: May 7, 2018

B. Lynn Winmill
Chief U.S. District Court Judge